COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-222-CR

NICHOLAS CHARLES BOULET APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Nicholas Charles Boulet entered an open plea of guilty to aggravated robbery with a deadly weapon, a firearm.
(footnote: 2)  The trial court assessed Appellant’s punishment at twenty years’ confinement.  We affirm.

Procedural Background
 

On April 20, 2006, Appellant signed a Judicial Confession and Written Plea Admonishments, acknowledging that he was entering an open plea of guilty to the offense of aggravated robbery with a deadly weapon, a first degree felony.  The plea included assessment of punishment by the court after preparation of a presentence investigation report (PSI).
 
 Appellant signed an application for community supervision. 
 He waived his right to have a court reporter make a record of the proceedings at which he would enter his guilty plea.  Accordingly, the appellate record does not contain a court reporter’s transcription of the guilty plea hearing.
  The trial court accepted Appellant’s plea and deferred sentencing until a PSI had been prepared.

On June 30, 2006, the trial court reviewed the PSI and offered the parties an opportunity to present additional evidence regarding punishment.  Appellant’s mother, grandmother, and uncle testified regarding Appellant’s background and his request to be placed on community supervision.  Appellant’s counsel asked the court to take into consideration that Appellant  has a good family and no prior criminal history, he has expressed remorse about this incident and what happened to the injured party, and he has the ability to make restitution.  Accordingly, Appellant’s counsel asked the court to assess community supervision with the requirement that Appellant make restitution to  the injured party’s employer of approximately $167,000 in medical expenses and lost wages.  The State asked the court to take into consideration that Appellant brandished a gun and threatened to kill the injured party during this aggravated robbery and actually caused him some pretty serious injuries, and to assess punishment at not “very much less than” twenty-five years’ confinement.
(footnote: 3)  At the conclusion of the hearing, the trial court found Appellant guilty based upon the guilty plea he had previously entered, and assessed Appellant’s punishment at twenty years’ confinement.

Independent Review Of The Record

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In his motion and brief, counsel avers that in his professional opinion this appeal is wholly frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant was provided the opportunity to file a pro se brief and has filed one.  The State has not filed an appellate brief.

 
 In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Appellant entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Discussion
 

Counsel’s brief lists as arguable sources of error whether the court  abused its discretion by not placing him on community supervision when he was eligible for and had filed an application requesting community supervision, and in sentencing him to twenty years’ confinement.  Appellant’s pro se brief recites these same arguable sources of error; Appellant also contends that his counsel was ineffective and that his conviction was “coerced” because his counsel told him that the trial court would only sentence Appellant to ten years or less.
(footnote: 4)
Conclusion

We have carefully reviewed the record before us,
(footnote: 5) including indictment, the judgment, the PSI, the reporter’s record from the punishment and sentencing hearing, counsel’s brief, and Appellant’s pro se brief.  We agree the appeal is wholly frivolous and without merit.

We find nothing in the record that might arguably support the appeal.  
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  Therefore, we grant the motion to withdraw filed by Appellant’s counsel and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 1, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 §§ 29.02(a)(2), 29.03(a)(2) (Vernon 2003).

3:
The punishment range for a first degree felony is between five and ninety-nine years’ confinement, and a fine not to exceed $10,000.  
Id.
 § 12.32.

4:
Appellant did not mention this latter contention at the punishment hearing or at sentencing.  He did not file a motion for new trial raising this contention; therefore, the record contains nothing supporting this contention.

5:
As stated earlier, Appellant waived the right to have a court reporter present at the hearing at which he entered his guilty plea.